**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ALEJO POLANCO, | Case No. 25–cv–08813–ESK |
| Petitioner, | |
| v. | OPINION |
| THOMAS, WARDEN FCI FT DIX, | |
| Respondent. | |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on petitioner Alejo Polanco's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) arguing that the Bureau of Prisons (Bureau) improperly aggregated his sentences and deprived him of good conduct credits pursuant to the First Step Act. (ECF No. 1.) For the following reasons, I will deny the Petition.

## I.   FACTS AND PROCEDURAL HISTORY

On August 22, 2013, petitioner was convicted of conspiring to distribute heroin and cocaine, 21 U.S.C. §§ 841, 846; conspiring to commit Hobbs Act robberies, 18 U.S.C. § 1951; using and discharging a firearm in connection with those robberies, 18 U.S.C. § 924(c)(1)(A)(iii), and causing death through the use of a firearm, 18 U.S.C. § 924(j). *United States v. Polanco*, No. 08–cr–00065 (E.D.N.Y. Aug. 22, 2013) (ECF No. 249.) [1] Petitioner received a 27-year sentence, followed by a five-year supervised release term, on September 17, 2014. *Polanco*, No. 08–cr–00065 (ECF No. 316.) His projected release date from custody is November 7, 2033. Bureau Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Mar. 18. 2026).

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

On June 2, 2025, petitioner filed a habeas corpus petition pursuant to § 2241 in the Eastern District of New York.   (ECF No. 1.)   The Petition was transferred to the District of New Jersey on June 9, 2025 as petitioner was confined in FCI Fort Dix, New Jersey.   (ECF No. 4.)   Respondent filed an answer on September 8, 2025.   (ECF No. 11.)

Petitioner argues that the Bureau improperly aggregated the sentences for his § 841 and § 924(c) convictions, which had the effect of disqualifying him from earning credits earned pursuant to the First Step Act.   (ECF No. 1 pp. 6, 7.) He asserts that his "sentence related to his conviction under Section 924c has now elapsed, and thus, … he is no longer serving a sentence for any conviction which render[s] him ineligible to accrue time credit under the [First Step Act]." (*Id.* p. 9.)

## II.   LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement.   *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   A *pro se* habeas petition must be construed liberally.   *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

## III. DISCUSSION

The First Step Act "is a comprehensive prison reform package enacted by Congress in December 2018.   A primary goal of the [First Step Act] is to reduce recidivism of federal prisoners upon their release from imprisonment." *Kowalewski v. Warden, FCI Fort Dix*, No. 23–cv–20320, 2024 WL 3964289, at *1 (D.N.J. Aug. 27, 2024).   "Eligible inmates who 'successfully participate in recidivism reduction programs or productive activities' earn time credits, which may be 'applied toward time in prerelease custody or supervised release.'"   *Id.* (quoting 18 U.S.C. § 3632(d)(4)(C); 28 C.F.R. § 523.44(b)).   "Time credits applied toward early supervised release result in a shorter duration in [Bureau] custody.   Prerelease custody consists of home confinement or a [reentry center] in a [Bureau]-sponsored facility."   *Id.* (internal citation omitted); *see also* 18 U.S.C. § 3624(g)(2)(A)–(B).   Prisoners earn 10 days of time credits for every 30 days of successful participation.   18 U.S.C. § 3632(d)(4)(A)(i).   However, the First Step Act "provides an extensive list of offenses that render a prisoner 'ineligible to receive [First Step Act] time credits' if the prisoner 'is serving a sentence for a conviction' for any of the enumerated offenses."   *Ulloa v. Cruz*, No. 1:23–cv–0776, 2024 WL 1117092, at *2 (M.D. Pa. Mar. 14, 2024), *appeal dismissed sub nom. Ulloa v. USA*, No. 24–2244, 2024 WL 5305111 (3d Cir. Aug. 13, 2024).   Petitioner's § 924(c) conviction is one of the enumerated offenses. 18 U.S.C. § 3632(d)(4)(D)(xxii).

Petitioner does not dispute that a § 924(c) conviction disqualifies him from earning First Step Act credits, but he asserts that he has completed that sentence.   (ECF No. 1 pp. 8, 9.)   According to petitioner, "he is no longer serving a sentence for any conviction which render[s] him ineligible to accrue time credit under the" First Step Act.   (*Id.* p. 9.)

The First Step Act "does not address whether a prisoner serving concurrent or consecutive sentences—at least one of which is for an ineligible

offense—may earn [First Step Act] time credits for the portion of his term that is attributable only to an eligible offense." *Giovinco v. Pullen*, 118 F.4th 527, 530 (2d Cir. 2024), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947 (2025). "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *West Virginia v. EPA*, 597 U.S. 697, 721 (2022) (internal quotation marks omitted). "Congress may establish a 'background principle of interpretation' to guide courts in understanding subsequently enacted statutes." *Everytown for Gun Safety Support Fund v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 984 F.3d 30, 34 (2d Cir. 2020) (quoting *Dorsey v. United States*, 567 U.S. 260, 274 (2012)).

Section 3584(c)'s "aggregation provision establishes a background principle according to which '[m]ultiple terms of imprisonment ... shall be treated for administrative purposes as a single, aggregate term of imprisonment.'" *Giovinco*, 118 F.4th at 531 (first alteration added) (quoting 18 U.S.C. § 3584(c)). "Calculation of an inmate's term of imprisonment is widely recognized as an 'administrative purpose' well within the BOP's responsibilities as charged by Congress." *Teed v. Warden Allenwood FCI Low*, No. 23–1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023), *cert. denied*, 144 S. Ct. 873 (2024); *see also Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) ("The [Bureau] was permitted to aggregate Chambers's otherwise-consecutive sentences into a single unit for purely administrative purposes, such as—at issue here—calculating [good time credits] under 18 U.S.C. § 3624."); *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020) ("Those administrative purposes are explained in, among other provisions, 18 U.S.C. § 3585, which authorizes the [Bureau] to provide inmates with credit towards their sentence for various reasons, including for time spent in detention prior to commencement of the sentence.")

Petitioner "may have been sentenced a number of times for a number of crimes, his 'sentence' is an undivided whole—it is one sentence as determined by the [Bureau] in calculating how long he will remain in federal custody." *Martin*, 974 F.3d at 136. "As the calculation of sentencing credits is an 'administrative purpose,' the [Bureau] is required by the statute to treat sentences like [p]etitioner's which include at least one conviction for an [First Step Act] ineligible crime as a single aggregate term which is not subject to the accrual of [First Step Act] credits." *Smith v. Thompson*, No. 24–cv–09295, 2024 WL 4635300, at *2 (D.N.J. Oct. 30, 2024), *appeal dismissed sub nom. Smith v. Warden Fort Dix FCI*, No. 25–1192, 2025 WL 2215898 (3d Cir. May 16, 2025); *see also Bonnie v. Dunbar*, 157 F.4th 610, 618 (4th Cir. 2025). I will deny the Petition accordingly.

## IV.      CONCLUSION

For the reasons stated above, I will deny the Petition. An appropriate Order accompanies this Opinion.

        /s/ Edward S. Kiel
        **EDWARD S. KIEL**
        UNITED STATES DISTRICT JUDGE

Dated: March 23, 2026